IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AV GROUP BOSTON, INC.

CASE NO.: 1:22cv21920

    Plaintiff,

vs.

AVB ENTERPRISE LLC, d/b/a BONEFLY

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, AV GROUP BOSTON, INC ("AV Group"), by and through its undersigned attorney, hereby files this Complaint for damages and demand for trial by jury against the Defendant, AVB ENTERPRISE LLC, d/b/a BONEFLY ("Bonefly")., a foreign LLC, and further alleges:

## PARTIES

1. AV Group is a foreign corporation registered to to business in Boston, Massachusetts.

2. Bonefly is a Delaware limited liability company, registered to business in Florida. On information and belief, no member of Bonefly is a resident of Massachusetts. Bonefly's Principal address is 3191 Coral Way 105 Miami, FL 33145, and maintains a Registerred Agent, Adrian Beyaz, who is located at 301-174 STREET UNIT 1709 SUNNY ISLES, FL 33160.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S. Code § 1332 because this is a claim that exceeds $75,000.00 in value. AV Group is a foreign corporation located in Boston, while Bonefly

is a company with no members residing in Massachusetts. As such, there is "complete diversity."

4. Jurisdiction is proper because the forum selection clause in the contract between the parties holds that all disputes will take place in the State of Florida, and be Construed under Florida law.

## GENERAL ALLEGATIONS

5. Bonefly is a store that sells various dog goods, trinkets, and other objects related to dogs and other pets. On July 17, 2021, the Parties met and entered into a "licensing" agreement regarding opening up a new Bonefly store at the Burlington Mall at 75 Middlesex Turnpike suite 2053, Burlington, MA 01803. On August 10, 2021, the parties entered into another contract where they would open up a Bonefly store at the Natick Mall at 1245 Worcester St, Natick, MA 01760.

6. The contract calls for Plaintiff to pay Defendant substantial amounts of money for opening up the two locations, and Plaintiff did pay Defendant the amounts owed under the contract.

7. Because business did not go well, the parties closed the first store in Burlington, and left the second store at the Natick Mall.

8. Defendant took the money for goods that would be used to sell in the store, but never delivered any product to Plaintiff.

9. Essentially, Defendant took all of the money that was paid and diverted the assets (engraving machines and product) to other Bonefly locations

10. All conditions precedent to filing this action have been complied with.

## DAMAGE CALCULATION

11. The total amount of damages is approximately $257,400.00. This amount includes the amount as delineated in the contracts for each store $128,700-00 which Includes $75,000.00 in inventory, $50,000.00 build-out and $3,700.00 for the engraver. For the second store for repairs, Plaintiff paid only $30,000.00.

## COUNT I – BREACH OF FIDUCIARY DUTY

12. Plaintiff incorporates allegations 1-11 in this instant Count, and further states:

13. The Plaintiff and Defendant had a fiduciary relationship based on them being partners in a business venture to open up two Bonefly locations.

14. Defendant breached his fiduciary duty by taking $170,000.00 for the purchase of materials needed to open up and sustain the two locations, and diverted the money and goods to other locations not controlled by the Parties.

15. Defendant further breached his fiduciary duty by usurping money belonging to the business for other business endeavors.

16. As a direct and proximate cause of the breach of fiduciary duty, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands actual damages, consequential damages, interests, costs, and attorney's fees.

## COUNT II – BREACH OF CONTRACT

17. Plaintiff incorporates allegations 1-11 in this instant Count, and further states:

18. Plaintiff and Defendant entered into two agreements. Plaintiff does not have a signed copy of the agreements, but the non-signed agreements are Attached as Exhibit A and Exhibit B, respectively.

19. The purpose of these agreements were to open up two Bonefly locations. Plaintiff paid money for the products and necessities to open up the two locations in Massachusetts. However, Defendant took Plaintiff's money and did not perform what it promised to do. Specifically, Defendant did not provide for the product, services, or operation as promised under the provisions of the contract. Thus, Defendant has amounted to breaching the respective contracts.

20. As a direct and proximate cause of Defendant's Breach, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff demands actual damages, consequential damages, interests, costs, and attorney's fees

## **COUNT III – USURPTION OF CORPORATE OPPORTUNITY**

21. Plaintiff incorporates allegations 1-11 in this instant Count, and further states:

22. To be entitled to relief under the usurpation of a corporate opportunity doctrine, a plaintiff must establish, by a preponderance of the evidence, three elements: (1) there was a business opportunity, (2) that the corporation is financially capable of undertaking, and (3) this opportunity fit into the present activities of the corporation or into an established corporate policy that acquisition of the opportunity would forward. *Summerland Key Cove Park, LLC v. Murphy*, 321 So. 3d 888, 889 (Fla. 3d DCA 2021)

23. Plaintiff and Defendant had opportunities to open up two stores in Massachusetts, one in Burlington, and one in Natick. Because of Plaintiff's initial investment of $170,000.00, the company was financially capable of such an undertaking. Moreover, products were bought, leases were signed, and engraving machines were purchases as well.

24. This business enterprise fit into the current business model that Bonefly already had.

25. However, Defendant usurp this corporate opportunity because Defendant took money that belonged to the business, and spent it on other enterprises. Defendant also took possession of the engraving machines and used it for other enterprises as well.

26. As such, Defendant has committed an usurpation of a corporate opportunity.

WHEREFORE, Plaintiff demands actual damages, consequential damages, interests, costs, and attorney's fees

Date : June 22, 2022

Trayber Raikhelson Law Group PLLC.
2750 NE 185th Street, Suite 206
Aventura, Fl 33180
Telephone:    (954) 895-5566
Primary: arlaw@raikhelsonlaw.com


/s/ Andre G. Raikhelson
Andre G. Raikhelson, Esq.
Bar Number: 123657