United States District Court
for the
Southern District of Florida

| | |
|---|---|
| AV Group Boston, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-21920-Civ-Scola |
| | ) |
| AVB Enterprise LLC d/b/a Bonefly, Defendant. | ) |

**Order**

      This matter is before the Court upon AVB Enterprise LLC's ("Bonefly") motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (**ECF No. 11**.) Bonefly says service is ineffective because the Plaintiff impermissibly served the registered agent's spouse. (*Id.*)

      Federal Rule of Civil Procedure 4(h)(1)(A) allows the Plaintiff to serve Bonefly in a manner authorized by state law. *See Kennedy v. Pipeline Properties, LLC*, No. 2:16-CV-00192-CM, 2016 WL 3632282, at *1 (M.D. Fla. July 7, 2016). In turn, Florida law allows service upon a spouse where the "address for a registered agent, member, or manager is a residence[,]" and three conditions are met. *See* Fla. Stat. §§ 48.062(3) (allowing LLCs to be served in a manner prescribed by section 48.031); 48.031(2)(a) (authorizing service on a spouse). Those conditions are: (1) the cause of action cannot be an adversarial proceeding between the spouse and the person to be served, (2) the spouse must request such service or also be a party to the action, and (3) the spouse and the person to be served reside together in the same dwelling. *Id.* § 48.0321(2)(a).

      The Plaintiff makes no showing as to whether the last two conditions have been met, and it is unclear from the record whether the address for service is a residence. As such, the Court cannot conclude that service has been properly effected. *Cf. Taboada v. MI SUPERMERCADO, LLC*, No. 8:19-CV-1355-T-02SPF, 2019 WL 4278761 (M.D. Fla. Sept. 10, 2019). Service is hereby quashed.

      Yet, because the Plaintiff filed this action on June 22, 2022, it is still within the 90-day window to serve Bonefly under Federal Rule of Civil Procedure 4(m). The Plaintiff is directed to serve Bonefly by **September 20, 2022**, which marks the end of that 90-day period. Failure to do so may result in dismissal.

      The Court thus **denies** Bonefly's motion to dismiss for insufficient service of process. (**ECF No. 11**.) The Court also denies Bonefly's request to dismiss the Plaintiff's complaint on the basis that the Plaintiff did not attach copies of the underlying agreements as exhibits to it. The Federal Civil Rules of Civil Procedure, unlike their Florida counterparts, do not require the Plaintiff to do so.

      **Done and ordered** in Miami, Florida, on August 16, 2022.

                                               _____
                                             Robert N. Scola, Jr.
                                             United States District Judge