United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| AV Group Boston, Inc., Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-21920-Civ-Scola |
| | ) | |
| AVB Enterprise LLC d/b/a Bonefly, | ) | |
| Defendant. | | |

### Order

This matter is before the Court upon Defendant AVB Enterprise LLC's ("Bonefly") motion to dismiss. (**ECF No. 27**.) Plaintiff AV Group Boston, Inc. ("AV Group") filed a response (ECF No. 28) and Bonefly did not reply. For the reasons below, Bonefly's motion is **denied** but **Count III** is **stricken**.

Bonefly owns a number of storefronts that sell pet products. AV Group says the two entities entered into a licensing agreement whereby they agreed to open two new pet stores. AV Group paid Bonefly $170,000 and expected a share of the profits. One of the stores failed but the other did not. AV Group says Bonefly took its money and diverted it to other Bonefly storefronts without ever compensating AV Group as they had agreed. So, this suit followed. AV Group charges Bonefly with: breach of fiduciary duty (Count I), breach of contract (Count II), and corporate usurpation (Count III). In a poorly written four page motion, Bonefly moves to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (cleaned up).

Bonefly seems to take issue with AV Group's pleading a count for breach of fiduciary duty (Count I). Yet, the basis for Bonefly's challenge is unclear. It says: "Count I merely states that based on the Agreement, Defendant had a fiduciary relationship based on Plaintiff and Defendant being partners in a business venture as set forth above contradicts [sic] the allegations in Paragraph 8 of the Amended Complaint that the Agreement was a 'Licensing Agreement'." (Mot. ¶ 6.) To the extent Bonefly challenges Count I as

contradictory of Count II because a licensing agreement is said to have been in place between the parties, Bonefly's challenge fails. Even if the breach of contract and breach of fiduciary duty counts were incompatible, it is black letter law that plaintiffs are allowed to plead alternative theories of recovery. Fed. R. Civ. P. 8(d)(2). Because that seems to be the extent of Bonefly's challenge, the Court need not pronounce itself further.

Bonefly's challenge as to Count II (breach of contract) is premised on the fact that at paragraph 22 of the amended complaint, AV Group admitted that it did not possess fully executed versions of the contracts it sues on. (*See* ECF No. 18 at ¶ 22.) Bonefly says as follows: "In order for there to be an enforceable written Contract between the parties, the parties must have executed the Agreement which evidencing [sic] a meeting of the minds between the parties as to the Agreement . . . Without evidence of a meeting of the minds between the parties there can be no Contract for Defendant to breach, and, thus, the Court cannot grant Plaintiff any relief in this matter." (Mot. ¶ 2, ECF No. 27.)

This argument jumps the gun. The fact that AV Group did not possess fully executed versions of the contracts when it drafted its amended complaint does not mean that binding agreements do not exist. AV Group may be able to obtain, through discovery, executed versions of the contracts from Bonefly or another source. Additionally, it is first-year contract law that certain writings may be grouped together to evidence a contract, and that not all agreements must be reduced to writing. AV Group makes a one-sentence reference to the statute of frauds but makes no argument thereunder. So, whether a non-written agreement would bind the parties is beyond the scope of Bonefly's motion and is not an issue that the Court needs to decide. For now, it suffices to say that the allegations in the amended complaint do not foreclose the plausibility of AV Group's breach of contract count (Count II).

Last, Bonefly's challenge to Count III is incomprehensible. Independent of that, though, the Court strikes Count III of the amended complaint as redundant of Count II, pursuant to its authority under Rule 12(f).

Court III purports to state a claim for corporate usurpation. However, for that to be a valid claim, a corporation must actually exist. The amended complaint speaks of a "business venture," but it mentions no actual corporation formed by the parties. Further, the crux of a corporate usurpation claim is one that turns on the breach of fiduciary duties, which AV Group already asserts at Count II: "The [corporate usurpation] doctrine derives from fiduciary duties that directors and officers owe to their corporation. Specifically, a director or officer breaches the fiduciary duty he or she owes to the corporation by exploiting, for his or her own profit, a beneficial opportunity that rightly belongs to the corporation." *Summerland Key Cove Park, LLC v.*

*Murphy*, 321 So. 3d 888, 894 (Fla. 3d DCA 2021) (citing *Farber v. Servan Land Co.*, 662 F.2d 371, 377 (5th Cir. 1981)) (cleaned up).

Accordingly, only Counts I and II remain operative. Bonefly's motion (**ECF No. 27**) is **denied** and **Count III** is **stricken**.

Moving forward, the Court expects *both* parties to submit clear, properly formatted writings that are free of grammatical errors. The Court has indulged the parties' evident non-efforts—particularly exhibited by Bonefly's submission—in this round of briefing, but it will not do so again.

**Done and ordered** in Miami, Florida, on January 18, 2023.

_____
Robert N. Scola, Jr.
United States District Judge