United States District Court
for the
Southern District of Florida

| | |
|---|---|
| AV Group Boston, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-21920-Civ-Scola |
| | ) |
| AVB Enterprise LLC d/b/a Bonefly, | ) |
| Defendant. | ) |

### Second Order Requiring Amended Allegations

On January 24, 2024, the Court entered a sua sponte order identifying deficiencies in the jurisdictional allegations of the Plaintiff's amended complaint (ECF No. 18). (Order, ECF No. 46.) The Court's order directed the parties to file materials amending their jurisdictional allegations to address the deficiencies by January 31, 2024. On January 31, 2024, the parties attempted to comply with the Court's order by filing a joint statement as to diversity (ECF No. 47). Based on the joint statement, the jurisdictional allegations for the Plaintiff have been properly supplemented. However, the jurisdictional allegations as to the Defendant remain defective.

As provided in the Court's prior order, "because Bonefly is a limited liability company, the complaint must allege all the members of Bonefly, along with each member's respective citizenship." (ECF No. 46) (citing *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004).) However, the joint statement as to diversity remains vague. It does not specify whether the member identified in the statement, "Michael D Arama", is the sole member or whether there are additional members. If the Defendant has other members that are individuals or entities, such members must also be identified in the parties' joint submission, along with their citizenship. If Mr. Arama is the sole member, the joint submission should specify that as well.

Additionally, the joint statement provides an address for Mr. Arama instead of alleging the citizenship of the member. Once again, as noted in the Court's prior order requiring amended citizenship allegations, it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship").

Accordingly, it is not enough to allege that the Defendant's member has an address in the State of Florida because these allegations fail to identify the citizenship of the member.

In short, based on the allegations in the joint statement as to diversity, the Court is still unable to ascertain whether it may exercise subject matter jurisdiction in this case. The Court will grant the parties **one additional opportunity** to submit materials adequately alleging subject matter jurisdiction, which must be filed by **February 8, 2024**. If the parties fail to provide the facts necessary to establish subject matter jurisdiction over the amended complaint, the Court will dismiss the pleadings, as necessary, for lack of subject matter jurisdiction, albeit without prejudice.

**Done and ordered** in Miami, Florida, on February 2, 2024.

_____
Robert N. Scola, Jr.
United States District Judge